UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORIHIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THOAI VAN NGUYEN,<br><br>    Defendant. | Case No. 16-cv-05422-JST<br><br>**ORDER DENYING MOTION TO AMEND COUNTERCLAIMS AND GRANTING MOTION TO DISMISS**<br><br>Re: ECF Nos. 26, 38 |

Before the Court are Plaintiffs' Motion to Dismiss Defendant's Counterclaims and Defendant Thoai Nguyen's Motion for Leave to Amend Counterclaims. ECF Nos. 26, 38. The Court will grant Plaintiffs' motion to dismiss with prejudice in part and without prejudice in part, and deny Defendant's motion for leave to amend as moot.

**I.  BACKGROUND**

Plaintiffs Sorihin and Abdul Fatah filed this lawsuit against Defendant Thoai Van Nguyen on September 22, 2016 for violations of human trafficking laws under the Trafficking Victims Protection Reauthorization Act and the Alien Tort Statute. ECF No. 1 ¶ 96-122. Nguyen is the owner and captain of a fishing vessel, the Sea Queen II, registered in Santa Clara County, California. Id. ¶ 7. Plaintiffs Sorihin and Fatah are two Indonesian citizens who were recruited to work in the commercial fishing industry and now reside in the United States. Id. ¶ 5-6. Plaintiffs allege that while they were initially recruited to work as fishermen, they were "instead trafficked onto the Sea Queen II." Id. According to the Complaint, the U.S. State Department has "repeatedly focused on the problem of human trafficking and forced labor on commercial fishing vessels." Id. ¶ 22. On or about April 6, 2010, after nearly eight months at sea, Plaintiffs escaped the Sea Queen II while it was docked in San Francisco. Id.

In September 2016, the Associated Press wrote two articles concerning human trafficking in the commercial fishing industry.[1] The first article, <u>Hawaiian Seafood Caught by Foreign Crews Confined on Boats</u> ("September 8 article"), was published on September 8, 2016 and discusses the issue of human trafficking in the fishing industry generally. It refers to Plaintiffs' time aboard the Sea Queen II and directly quotes Plaintiff Sorihin, along with many other individuals not related to this lawsuit. The second article, <u>Fishermen Who Fled Slavery in San Francisco Sue Boat Owner</u> ("September 22 article"), published on September 22, 2016, focuses entirely on Plaintiffs' lawsuit against Nguyen. The September 22 article quotes both Sorihin and Fatah.

On November 14, 2016, Nguyen filed an answer to Plaintiffs' Complaint, denying most of the allegations. ECF No. 14. As an attachment, Nguyen filed counterclaims against the Plaintiffs for trade libel and defamation. ECF No. 14-1. The claims are based on Sorihin's statements in the September 8 article, which went to press before Plaintiffs' Complaint was filed on September 22. Specifically, the counterclaims point to Sorihin's statements, "I knew if I stayed on the boat I was going to die," and "Ask, where did this fish come from? Is it the kind of fish that you got from someone in slavery?" <u>Id.</u> ¶ 16 (internal alterations omitted). The counterclaims also implicate Plaintiffs' Complaint, indicating that "Sorihin and Fatah's Complaint alleges that they were victims of human trafficking and slavery . . . and that Complaint was also covered by the press." <u>Id.</u> ¶ 20. Nguyen further alleges that both Plaintiffs' statements to the Associated Press were "couched in fact," "relied on in various news articles," were false and stated with malice, and damaged Nguyen's reputation. <u>Id.</u> ¶ 20-21.

On December 20, 2016, Plaintiffs filed a motion to dismiss the counterclaims. ECF No. 26. Plaintiffs argue that the counterclaims should be dismissed to the extent they are based on the Plaintiffs' Complaint, because statements in a complaint cannot be the basis for liability in a tort action such as defamation or trade libel. <u>Id.</u> at 11 (citing Cal. Civ. Code. § 47(b)). Plaintiffs also

---

[1] Martha Mendoza & Margie Mason, <u>Hawaiian Seafood Caught by Foreign Crews Confined on Boats</u> (Sept. 8, 2016, 11:23 AM), http://bigstory.ap.org/article/39ae05f117c64a929f0f8fab091c4ee1/hawaiian-seafood-caught-foreign-crews-confined-boats; Martha Mendoza, <u>Fishermen Who Fled Slavery in San Francisco Sue Boat Owner</u> (Sept. 22, 2016, 6:27 PM), http://www.usnews.com/news/business/articles/2016-09-22/fishermen-who-fled-slavery-in-san-francisco-sue-boat-owner.

argue that the Associated Press articles cannot be the basis for Nguyen's counterclaims because California Civil Code section 47(d) privileges fair and true reporting of judicial proceedings in public journals. Id. at 12-13. Insofar as the articles relate to Plaintiffs' lawsuit, Plaintiffs argue, the articles are privileged and cannot give rise to liability. Id. at 13. Furthermore, Plaintiffs argue that the counterclaims do not identify any objectionable statements for four reasons: (1) Nguyen does not allege any statements by Fatah, therefore the claims against Fatah must be dismissed; (2) Nguyen's claims against Sorihin are based on statements of opinion, not fact; (3) apart from the two quotes, Nguyen fails to plead publication of or identify any provably false, defamatory statement; and (4) Nguyen fails to allege special damages. Therefore, Plaintiffs argue, Defendant's counterclaims fail to state a claim. Id. at 14-20.

On January 17, 2017, Nguyen filed his opposition to Plaintiffs' motion to dismiss. ECF No. 40. On the same day, Nguyen also filed a motion for leave to amend the counterclaims, attaching proposed amendments. ECF No. 38, ECF No. 38-1. The proposed amendments introduce new allegations not raised in the initial counterclaims, including additional statements from the September 8 article and statements made in the September 22 article.

Thereafter, the parties continued to file briefs related to both motions. On January 31, 2017, Plaintiffs filed a reply in support of their motion to dismiss. ECF No. 45. The reply declined to address the amended counterclaims on the ground that Nguyen was not permitted to add to his pleadings in a responsive brief. Id. at 5. Also on January 31, Plaintiffs filed an opposition to Nguyen's motion for leave to amend, addressing the new allegations in the amended counterclaims. ECF No. 46 at 7. Nguyen filed a reply to that opposition on February 7, 2017. ECF No. 47. In the reply, Nguyen again asks for leave to amend the counterclaims should they be dismissed. Id.

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw

3

1  a reasonable inference that the defendant is liable for the conduct alleged. Id. While a court "must
2  take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal
3  conclusion couched as a factual allegation." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S.
4  544, 555 (2007)) (internal quotation marks omitted). "[C]onclusory allegations of law and
5  unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."
6  Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

### B. Leave to Amend

A court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) (citation omitted). Generally, a court must make the determination of whether to grant leave "with all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir.1999). Leave to amend pleadings is given with "extreme liberality." Fed. R. Civ. P. 15(a); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III. DISCUSSION

Plaintiffs argue that Nguyen's counterclaims for trade libel and defamation should be dismissed because the disputed statements are privileged; because the statements are not actionable; and because Nguyen has failed to plead the special damages required for a trade libel claim. The Court agrees with these arguments and will grant Plaintiffs' motion to dismiss. Because the Court grants Nguyen leave to amend in this order, it will deny Nguyen's motion for leave to amend as moot.

### A. Statements in Plaintiffs' Complaint Are Not Actionable

Plaintiffs' first ground of attack is that many of the statements identified in Nguyen's Counterclaim are taken from Plaintiffs' Complaint and therefore are not actionable. Under California Civil Code Section 47, any statement made in a legislative or judicial proceeding is privileged and cannot be the basis for tort liability. Cal. Civ. Code § 47(b).

Plaintiffs are correct that "to the extent Defendant's counterclaims are based on statements

made in Plaintiffs' Complaint," the counterclaims must be dismissed. ECF No. 26 at 11. "The pleadings and process in a case are generally viewed as privileged communications," so any claim for defamation or trade libel must be based on some other, non-privileged statement. Rusheen v. Cohen, 37 Cal. 4th 1048, 1058 (2006) (citing Navellier v. Sletten, 106 Cal. App. 4th 763, 770 (2003)) (internal quotation marks and alterations omitted); see also Kurata v. Los Angeles News Pub. Co., 4 Cal. App. 2d 224, 227 (Cal. Ct. App. 1935) (holding that a judicial proceeding includes the filing of a complaint).[2]

To the extent Nguyen's counterclaims are based on statements made in Plaintiff's Complaint, the claims are dismissed with prejudice. All the statements in the September 22 article fall into this category.

### B.    Statements from the September 8 Article

Defendant's counterclaims also allege that the September 8 article contained false statements and caused damage to Nguyen's business. ECF No. 14-1 ¶¶ 16-18. The counterclaims focus on two quotes from Plaintiff Sorihin: "I knew that if I stayed on [the SEA QUEEN II] I was going to die" and "Ask, where did this fish come from? Is it the kind of fish that you got from someone in slavery?" ECF No. 14-1 ¶ 16.

If the September 8 article were reporting on the allegations in Plaintiffs' complaint, the statements might be privileged. California law creates an absolute privilege for a fair and true report in a public journal of a legislative or judicial proceeding, known as the "fair and true reporting privilege." Cal. Civ. Code § 47(d)(1). These quotes do not fall under the fair and true reporting privilege, however, because the article was published before the Complaint was filed on September 22. The Court therefore considers whether the counterclaims, to the extent they are based on the September 8 article, should be dismissed for failure to adequately state a claim.

In California, the elements for a defamation claim are "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special

---

[2] Nguyen essentially concedes that statements from the Complaint are not actionable. See ECF No. 40 at 4 (stating that the counterclaims do not rely on the Complaint).

5

damage." Wong v. Jin, 189 Cal. App. 4th 1354, 1369 (Cal. Ct. App. 2010). The cause of action for trade libel requires "(1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages." Aetna Cas. and Sur. Co., Inc. v. Centennial Ins. Co., 838 F.2d 346, 351 (9th Cir. 1988). Opinions cannot be defamatory, unless provably false facts are couched within them. Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-19 (1990). The Ninth Circuit has articulated a three-part test for determining whether a statement is an actionable assertion of fact, which examines: (1) the statement's broad context; (2) the statement's specific context and content; and (3) if it is sufficiently factual such that it can be proved true or false. Underwager v. Channel 9 Australia, 69 F.3d 361, 366 (9th Cir. 1995). Plaintiff argues that all of Defendant's counterclaims fail to meet these standards.

### 1. Quoted Statements

Sorihin's two quoted statements in the September 8 article are not actionable. Sorihin's statement that "I knew if I stayed on that boat I was going to die" is a statement of his subjective belief. Statements involving subjective belief are not actionable because they cannot be categorized as provably false statements of fact. Nygard, Inc. v. Uusi-Kertulla, 159 Cal. App. 4th 1027, 1052 (Cal. Ct. App. 2008) (holding that an employee's subjective opinion that working for a company was unpleasant does not contain provable facts and no reasonable reader would understand the words to reflect actual conditions).[3] Sorihin's statement is a statement of subjective belief.

Sorihin's advice to seafood consumers to ask where their fish comes from, although a closer call, similarly is not actionable. Applying the Ninth Circuit's three-part test, the Court cannot conclude that there is any provable fact within the statement, "Ask, where did this fish come from? Is it the kind of fish that you got from someone in slavery?" Nor does this statement's broad context or specific content lend itself to categorization as fact. Rather, the statement simply asks the reader to consider an issue in the commercial fishing industry. It is not

---

[3] Nguyen argues that Sorihin's statement that he knew he would die if he stayed on the boat is "equivalent to stating that 'Mr. Nguyen tried to kill me while I was onboard the Sea Queen II.'" ECF No. 40 at 11. Although the comparison is colorful, it is also strained. The one does not equate to the other.

an actionable statement of fact.

Nguyen suggests that the statement is nonetheless actionable because it implies that Sorihin himself was the victim of slavery and that Nguyen was the perpetrator. ECF No. 40 at 12. But the authority Nguyen cites cuts against this argument. For example, Nguyen correctly notes the Ninth Circuit's statement in Solomon v. Spielberg, 473 F. App'x 526 (9th Cir. 2012), that "expressions of opinion may suggest that the speaker knows certain facts to be true or may imply that facts exist, which will be sufficient to render the message defamatory if false." Id. at 530. In that case, however, the court determined that a statement that the defendant "could have" done more investigation into a painting was *not* actionable because it was "an opinion based on [plaintiff's] view of the circumstances surrounding [defendant's] purchase," and affirmed a grant of summary judgment. Id.

The Court is not persuaded that these quotes may be construed as provably false factual statements. Nguyen cannot plausibly state a claim for defamation or trade libel based on these quotes, and therefore the counterclaims are dismissed with prejudice to the extent they are based on Sorihin's two quoted statements.

### 2. Other Statements

To the extent Nguyen's counterclaims are based on other statements in the September 8 article, those claims have not been adequately pleaded. To survive a motion to dismiss, the claims must allege "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. The counterclaims only identify the two quoted statements from Sorihin. ECF No. 14-1 ¶ 16. Apart from those quotes, which the Court finds non-actionable, Nguyen has not identified the particular statements in the September 8 article that are allegedly defamatory or libelous. Instead, Nguyen broadly refers to "statements to the Associated Press that were subsequently published" without specifying the content of any additional statements. ECF No. 14-1 ¶¶ 18, 20. Nguyen's vague reference to the entire article does not sufficiently present facts showing he is entitled to relief. Nguyen's counterclaims as they pertain to the article as a whole therefore fail to adequately state a claim and are dismissed with leave to amend.

### C. Special Damages

Nguyen's counterclaims also do not satisfy the special damages requirement for trade libel under California law. "[A] cause of action for damages for trade libel requires pleading and proof of special damages in the form of pecuniary loss." Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1046–47 (C.D. Cal. 1998) (quoting Leonardini v. Shell Oil Co., 216 Cal. App. 3d 547, 572 (Ct. App. 1989)). "If an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g).

"A bare allegation of the amount of pecuniary loss is insufficient for the pleading of a trade libel claim, and plaintiff is not required to allege a specific dollar amount." Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998). Nonetheless, if the claimant seeks to claim a loss of business, as Nguyen does here, he must allege facts "showing an established business, the amount of sales for a substantial period preceding the [allegedly libelous] publication, the amount of sales subsequent to the publication, [and] facts showing that such loss in sales were the natural and probable result of such publication[.]" Id. (quoting Fowler v. Curtis Pub. Co., 182 F.2d 377, 379 (D.C.Cir.1950)).

Nguyen's allegations do not meet these standards. He alleges only that he "has suffered damage to his business including a lost business loan, fish buyers who refuse to buy from him, and sales at a reduced price." Nguyen does not "identify the particular purchasers who have refrained from dealing with him, [or] specify the transactions of which he claims to have been deprived." Storm Mfg. Grp. Inc. v. Weather Tec Corp., No. CV 12-10849 CAS FFMX, 2013 WL 5352698, at *8 (C.D. Cal. Sept. 23, 2013) (quoting Erlich v. Etner, 224 Cal. App. 2d 69, 73–74 (Ct. App. 1964)). He "does not even specify the amount of damage." New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1113 (C.D. Cal. 2004).

Nguyen acknowledges the general rules regarding the pleading of special damages, but states – without citation to authority – that the Court should excuse compliance with those rules because it would be "premature" for Nguyen to identify his damages with specificity. This argument is not persuasive.

If Nguyen seeks to amend his trade libel claims, he must plead damages more specifically.

8

### D. Motion to Amend Counterclaims

In light of the Court's ruling on Plaintiffs' Motion to Amend, the Court denies Nguyen's Motion to Amend Counterclaims, ECF No. 38, as moot.

### CONCLUSION

The Court grants Plaintiffs' motion to dismiss the initial counterclaims with prejudice in part and without prejudice in part. The Court grants Nguyen leave to file amended counterclaims that are not based on the September 22 article or the two quoted statements in the September 8 article. Any amended claims shall be filed by April 14, 2017. The Court denies Nguyen's motion for leave to amend his counterclaims as moot.

IT IS SO ORDERED.

Dated: March 27, 2017



JON S. TIGAR
United States District Judge

9